*In re* TITSWORTH'S ESTATES.

1. GUARDIAN AND WARD—ACCOUNTING—BURDEN OF ESTABLISHING CORRECT ACCOUNT.

   The duty rests upon a guardian to render proper account, the burden being upon him to establish the correctness of the account.

2. SAME—ACCOUNTING—FAILURE OF GUARDIAN TO PRODUCE EVIDENCE.

   On accounting by guardian, his failure to produce evidence within his control raises the presumption that if produced it would operate against him and every intendment must be made in favor of the opposite party.

3. SAME—FINAL ACCOUNT—INCOME—EXPENDITURES.

   Disallowance of mother's final account as guardian of her daughter, filed some 10 years after daughter became of age and 25 years after last previous account, *held*, proper where mother had had use of daughter's share of her late father's estate, last previous account showed income had been received and final account showed charges for expenditures but did not account for any credits (3 Comp. Laws 1929, § 15775).

Appeal from Lapeer; Cramton (Louis C.), J. Submitted April 4, 1939. (Docket No. 5, Calendar No. 40,364.) Decided June 5, 1939.

In the matter of the estates of Kenneth, Lillian, and Alma Titsworth, minors. Petition by Jessie Titsworth Jarvis for allowance of final account as guardian. From disallowance of account in probate court, guardian appealed to circuit court. Account disallowed. Guardian appeals. Affirmed.

*John R. Rood,* for guardian.

*George W. Des Jardins,* for Alma Titsworth Jarvis.

BUTZEL, C. J.   In 1907, upon the death of her husband, Jessie Titsworth and her three children inherited 40 acres of land in Lapeer county and the homestead thereon.   In 1908, she was appointed guardian of her children, Kenneth, Lillian, and Alma Titsworth, and gave bond as such.   In 1910, she filed a report showing that on March 4, 1908, she had the sum of $408.07; that she used the income from this amount and the "use of the real estate" for the maintenance of herself and children and their education; that $100 of the money was used to repair the house and the balance she invested in a cream separator and stock for the farm.   She further reported that on April 10, 1912, she had on hand the sum of $8.07, and that she expended $500 of her own money and $500 from the income from the real estate to build a barn on the property costing $1,000; that the estate owed her $191.93, but that she had received on behalf of her wards the sum of $200, which they had inherited from a relative.   Mrs. Titsworth subsequently remarried and became Jessie Jarvis.   In 1926, Alma, then almost 21 years of age, married a brother of her mother's second husband and thus became Alma Jarvis.   Difficulties arose between Alma and her mother, who had acquired the interests of the two other children.   She thus owned the entire title of the property except the share inherited by Alma.   See *Jarvis* v. *Jarvis, ante,* 608.

In 1937, a quarter of a century from the time she filed the last previous account, obviously for the purpose of establishing a claim against Alma and thus reaching her share in the property, Jessie Jarvis filed a report in the probate court showing her expenditures since 1912 and claiming over $3,000 to be

due her from the minor's estate. The 1937 account is not sworn to and is signed not by her but by her attorney. The date of the filing of the account is over 10 years since Alma, the youngest of the children, became of age and left the home. The account shows no receipts whatsoever, although in 1912, Mrs. Jarvis, as guardian, stated that $500 was realized from the income of the property. Upon the filing of this ancient account showing expenditures without receipts, the probate judge held that it was impossible to determine whether the guardian was indebted to the minors or the minors to the guardian. He denied allowance of the account. On appeal to the circuit court, the account was again disallowed. In *Long* v. *Earle*, 277 Mich. 505, we held that the duty rests upon a trustee to render proper account, the burden being upon him to establish the correctness of the account. His failure to produce evidence within his control raises the presumption that if produced it would operate against him and every intendment must be made in favor of the opposite party. Appellant claims that the burden was upon the opposite party to show the receipts of the guardian. That would impose upon a child of tender years the duty to examine a guardian's conduct of her affairs and then 25 years later not only check the correctness of the amounts alleged to have been expended but also show receipts not accounted for. Such is not the law. What we said in regard to a trustee applies to a guardian. See *Baxter* v. *Union Industrial Trust & Savings Bank*, 273 Mich. 642, 648.

Mrs. Jessie Jarvis had no intention of making any claim until difficulties arose with her daughter. It was over 10 years after the daughter moved from the home before the so-called final account was filed. During that period, the mother had the use of the daughter's share in the property although she gave

no credit for it. The guardian gave a bond which imposed the duty on her to file an account within one year after appointment and at least once a year thereafter, and such other times as the judge of probate might direct. 3 Comp. Laws 1929, § 15775 (Stat. Ann. § 27.2940). She neglected to file these annual accounts and now 25 years later is not entitled to the allowance of the account wherein she attempts to make charge without in any way accounting for credits. The court was correct in refusing to allow such a manifestly improper account. It is unnecessary to discuss appellee's claim of the statute of limitations.

The order disallowing the account is affirmed, with costs to the appellee.

Wiest, Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.